UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | **EP-19-CR-01957-DCG** |
| | § | |
| **KASANDRA MARIE CARRASCO,** | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM ORDER

Presently before the Court is Defendant Kasandra Marie Carrasco's "Motion[s] Requesting a Judicial Recommendation Concerning RRC Placement of Home Confinement" (ECF Nos. 35 & 39), the first filed on August 25, 2020, and the second on September 14, 2020. Both motions are nearly identical, except that the second includes a direct message to the Court. Therein, Defendant asks the Court for a judicial recommendation on her behalf to the Bureau of Prisons ("BOP") to place her in a Residential Re-Entry Center ("RRC") for 12 months until the end of her sentence. For the reasons that follow, the Court **GRANTS IN PART, DENIES IN PART** Defendant's Motion.

### I.     BACKGROUND

In September 2019, Defendant pleaded guilty to one count of importation of five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(B)(ii). ECF Nos. 21, 25. On December 19, 2019, the Court sentenced Defendant to thirty-six months of imprisonment and three years of supervised release, with an eligible release date of December 16, 2021. ECF No. 33. Defendant is currently incarcerated at FCI Aliceville, located in Aliceville, Alabama.

According to Defendant, BOP informed her in March 2020 that she was ineligible for RRC placement or home confinement due to a pending misdemeanor charge and active warrant against her in Mesa, Arizona. ECF No. 35 at 2; ECF No. 39 at 1. The BOP told Defendant "to take care of this matter" before she could become eligible for long-term RRC placement and that she also needed a judicial recommendation from her sentencing court. ECF No. 42 at 3. Hence, Defendant then filed a motion in Arizona state court in April 2020, and was later informed by a letter dated June 29, 2020, that she no longer had the active warrant against her because the criminal case against her had been closed. ECF No. 35 at 2; ECF No. 39 at 1; ECF No. 42 at 3. After inquiring again about her eligibility for RRC placement after such development, the BOP purportedly told Defendant again that she still needed a judicial recommendation from her sentencing court before becoming eligible. ECF No. 42 at 3. Thus, Defendant filed the instant motions asking the Court to submit a recommendation to the BOP that she serve the last twelve months of her sentence in a RRC or halfway house.

## II.  DISCUSSION

"Two statutory provisions govern the BOP's authority to place inmates in its custody in RRCs: 18 U.S.C. §§ 3621(b) and 3624(c)." *Sacora v. Thomas*, 628 F.3d 1059, 1061–62 (9th Cir. 2010). First, section 3621(b) "governs the BOP's authority in cases where a prisoner who has *more* than a year left to serve his or her prison sentence requests a transfer to a [RRC]." *Id.* (emphasis added). Specifically, it provides that,

> The [BOP] shall designate the place of the prisoner's imprisonment[.] . . . The [BOP] may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP], whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the [BOP] determines to be appropriate and suitable, considering—
>
> (1) the resources of the facility contemplated;

>    (2) the nature and circumstances of the offense;
>
>    (3) the history and characteristics of the prisoner;
>
>    (4) any statement by the court that imposed the sentence-
>
>       (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
>       (B) recommending a type of penal or correctional facility as appropriate; and
>
>    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). In contrast, section 3624(c)(1) governs the designation of prisoners to RRC who have *less* than one year of their prison sentence to serve:

> shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1); *Thomas*, 628 F.3d at 1062.

However, the Supreme Court has consistently held that a prisoner has no constitutional right to be confined in any particular place—including a halfway house or home confinement. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.").

The Attorney General—and by delegation the BOP—has exclusive authority and discretion to designate the place of an inmate's confinement. *Moore v. United States Att'y Gen.*,

473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971). "[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987).

Notwithstanding, the plain language of § 3621(b) appears to suggest that courts can submit non-binding imprisonment placement recommendations to the BOP on a prisoner's *post-sentencing* motion.[1] *See* 18 U.S.C. § 3621(b) ("The [BOP] may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP] . . . that the [BOP] determines to be appropriate and suitable, considering . . . (4) *any* statement by the court that imposed the sentence . . . ." (emphasis added)); *id.* ("*Any* order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the [BOP] under this section to determine or change the place of imprisonment of that person." (emphasis added)); *see also Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 219 (2008) ("We have previously noted that '[r]ead naturally, the word "*any*" has an expansive meaning, that is, "one or some indiscriminately of whatever kind." ' ") (emphasis added) (quoting *United States v. Gonzales*, 520 U.S. 1, 5 (1997))); *id.* ("[T]he expansive word '*any*' and the absence of restrictive language left 'no basis in the text for limiting' the phrase 'any other term of imprisonment' to federal sentences.") (quoting *Gonzales*, 520 U.S. at 5)).

---

[1] Indeed, based on Defendant's representations in her motions, it appears to the Court that the BOP *does* consider—and sometimes require—non-binding judicial recommendations requested by post-sentencing motions in its determinations of a defendant's eligibility for RRC placement.

To date, "[f]ederal district courts across the country are split as to whether a district court can make imprisonment placement recommendations on a Defendant's post-sentencing motion." *United States v. Ferguson,* No. 6:16-cr-00707-JMC-8, 2018 WL 5095149, at *2 (D.S.C. Oct. 19, 2018); *Carter v. United States*, No. 14-CR-150, 2018 WL 2376513 (E.D. Wis. May 24, 2018). Some courts have issued recommendations without addressing the jurisdictional issue. *Carter*, 2018 WL 2376513, at *2 (collecting cases). Other courts have concluded that they cannot amend or modify the judgment, but that they can "issue a recommendation separate and apart from the judgment." *Id.* (collecting cases). Finally, some courts have concluded that they lack the authority to make recommendations after sentencing. *Id.* (collecting cases).

But overall, a majority of courts agree that while courts may not modify the original judgment or otherwise order BOP to grant pre-release time in response to a defendant's post-sentencing motion, they can still issue non-binding, advisory recommendations "without running afoul of the limitations on modifying sentences set out in 18 U.S.C. § 3582 and Fed. R. Crim. P. 35." *United States v. McCullough*, 508CR20DCBLRA003, 2020 WL 4228403, at *2 (S.D. Miss. July 23, 2020); *United States v. Smith*, No. 6:15-cr-6-1, 2019 WL 4016211, at *3 (W.D. Va. Aug. 26, 2019); *Ferguson*, 2018 WL 5095149, at *3; *Carter*, 2018 WL 2376513 at *3.

But at this time, the Court need not partake into such debate because it is of the view that the BOP is "in the best position to evaluate the defendant's ability to successfully adjust and re-enter the community, given that [its] employees have worked directly with [D]efendant and are privy to complete records regarding [D]efendant's progress." *United States v. Land,* 1:18CR105-LG-RHW-1, 2020 WL 1955262, at *1 (S.D. Miss. Apr. 23, 2020), at *1 (quoting *United States v. Washington*, No. CR.A. 00-256, 2004 WL 764184, at *1 (E.D. La. Apr. 6, 2004)). The Court has no reason to doubt Defendant's representations or the sincerity of her

desire to succeed upon reentry into the community.  But there is no basis upon which the Court can rely to distinguish between Defendant and other inmates who may be eligible for RRC placement in making a judicial recommendation to the BOP.

**However**, the Court will nevertheless compel the BOP to consider Defendant's eligibility for RRC placement pursuant to its authority under 18 U.S.C. §§ 3621(b) or 3624(c), whichever is appropriate, based on Defendant's circumstances.  *See, e.g.*, *United States v. Lowe*, 1:15CR11-1, 2019 WL 3858603, at *2 (M.D.N.C. Aug. 16, 2019) (noting that courts cannot order the BOP to place a defendant on home detention; they can only compel the BOP to consider the same); *United States v. Buckley*, No. 2:13-CR-00125-TLN, 2019 WL 3035554, at *2-*3 (E.D. Cal. July 11, 2019) (concluding that courts did not have authority under 18 U.S.C. § 3624(c)(2) to order defendants to be placed into home confinement or a RRC for the last six months of their sentence, but instead could only compel the BOP to consider if such an assignment was appropriate).  In other words, the BOP shall construe this Order as a judicial recommendation *solely* to the extent that the BOP requires one before even proceeding to determine Defendant's eligibility for RRC placement.

Accordingly, **IT IS ORDERED** that Defendant Kasandra Marie Carrasco's "Motion[s] Requesting a Judicial Recommendation Concerning RRC Placement of Home Confinement" (ECF Nos. 35 & 39) are **GRANTED IN PART and DENIED IN PART.**  The Motions are **GRANTED** to the extent that Defendant requests an order compelling the BOP to consider her for early placement in a residential re-entry center depending on her circumstances.  The BOP is hereby **ORDERED** to undertake a determination of Defendant's eligibility for such placement pursuant to its authority under 18 U.S.C. §§ 3621(b) or 3624(c), whichever is appropriate.  The Motions are **DENIED** in all other respects.

**IT IS FURTHER DIRECTED** that the District Clerk forward a copy of this memorandum order to the warden at Defendant's place of confinement, the Federal Correctional Institution in Aliceville, Alabama.

**So ORDERED and SIGNED this 15th day of January 2021.**

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE